# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-401V
UNPUBLISHED

| | |
|---|---|
| ARGELIO GARCIA,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | **Chief Special Master Corcoran**<br><br>**Filed**: October 30, 2019<br><br>Special Processing Unit (SPU);<br>Findings of Fact; Onset; Influenza<br>(Flu) Vaccine; Shoulder Injury<br>Related to Vaccine Administration<br>(SIRVA) |

*Douglas Lee Burdette, Burdette Law, PLLC, North Bend, WA,* for petitioner.

*Traci R. Patton, U.S. Department of Justice, Washington, DC,* for respondent.

## FINDINGS OF FACT[1]

On March 15, 2018, Argelio Garcia filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on September 14, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] I intend to post this ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

For the reasons discussed below, I find that the onset of Petitioner's SIRVA occurred within 48 hours of vaccination. Specifically, Mr. Garcia suffered shoulder pain within 48 hours of vaccination.

## I.     Relevant Procedural History

Following the initial status conference held on September 25, 2018, Respondent was ordered to file a status report indicating how he intends to proceed in this case. ECF No. 24. On April 3, 2019, Respondent filed a status report confirming that he intended to defend this case, and requesting a deadline for the filing of his Rule 4(c) Report. ECF No. 38.

Respondent filed his Rule 4(c) Report ("Res. Report") on May 30, 2019. ECF No. 39. In it, Respondent argued that Petitioner has not established all of the elements necessary for a Table injury for SIRVA, including onset of shoulder pain within 48 hours of vaccination. Res. Report at 5-6.

Specifically, Respondent noted that when Petitioner first presented for care following the vaccination on November 9, 2017, he reported tenderness in his left deltoid muscle. *Id.* at 6. At a subsequent appointment on November 29, 2017, Petitioner reported arm pain "with tingles shooting down to ring finger." *Id.* Respondent asserted that Petitioner did not report shoulder pain or range of motion problems until January 2018, following a motor vehicle accident. *Id.*

On June 24, 2019, a scheduling order was issued noting that briefing and a hearing were not necessary to make a finding of fact regarding the onset of Petitioner's alleged injury. ECF No. 40. A deadline was set for Petitioner to file any additional relevant evidence he wished to have considered regarding this issue. *Id.*

On July 18, 2019, Petitioner filed an affidavit from Tom S.H. Dennis, his former roommate. ECF No. 44. The following month, Petitioner filed a supplemental affidavit and affidavits from Janet Garcia (his sister) and Alberto Sotto (his brother-in-law). ECF Nos. 48-49.

## II.    Issue

At issue is whether Petitioner's first symptom or manifestation of onset after vaccine administration was within 48 hours as set forth in the Vaccine Injury Table. 42 C.F.R. § 100.3(a) XIV.B. (2017) (flu vaccine). Additionally, the Qualifications and Aids to Interpretation ("QAI") for a Table SIRVA requires that a petitioner's pain occur within this same 48-hour time frame. 42 C.F.R. § 100.3(c)(10).

## III.   Authority

Pursuant to Vaccine Act § 13(a)(1)(A), a petitioner must prove by a preponderance of the evidence the matters required in the petition by Vaccine Act § 11(c)(1). A special

master may find that the first symptom or manifestation of onset of an injury occurred "within the time period described in the Vaccine Injury Table even though the occurrence of such symptom or manifestation was not recorded or was incorrectly recorded as having occurred outside such period." Vaccine Act § 13(b)(2). "Such a finding may be made only upon demonstration by a preponderance of the evidence that the onset [of the injury] . . . did in fact occur within the time period described in the Vaccine Injury Table." *Id.*

A special master must consider, but is not bound by, any diagnosis, conclusion, judgment, test result, report, or summary concerning the nature, causation, and aggravation of petitioner's injury or illness that is contained in a medical record. Vaccine Act § 13(b)(1). "Medical records, in general, warrant consideration as trustworthy evidence. The records contain information supplied to or by health professionals to facilitate diagnosis and treatment of medical conditions. With proper treatment hanging in the balance, accuracy has an extra premium. These records are also generally contemporaneous to the medical events." *Curcuras v. Sec'y of Health & Human Servs.*, 993 F.2d 1525, 1528 (Fed. Cir. 1993).

### IV.     Finding of Fact

For the reasons discussed below, I find that the onset of Petitioner's left shoulder pain occurred within 48 hours of vaccination. I make this finding after a complete review of the record to include all medical records, affidavits, Respondent's Rule 4(c) Report, and the additional evidence filed. Specifically, I base the finding on the following evidence:

- On September 14, 2017, Mr. Garcia was administered a flu vaccine intramuscularly in his left deltoid. Petitioner's Exhibit ("Pet. Ex.") 10 at 9.

- On November 9, 2017, Petitioner presented to the Polyclinic with complaints of left arm pain. Pet. Ex. 2 at 92. Petitioner reported that he had received a flu shot seven weeks ago and had since that time experienced tenderness in his left deltoid muscle.[3] *Id.* On examination, Petitioner was observed to have "minimal" tenderness to palpation in the left deltoid muscle, negative Kennedy Hawkins testing, and no tenderness against resistance to abduction and flexion. *Id.* at 96. Petitioner was diagnosed with "[l]eft arm pain [a]fter flu shot" with suspicion of "mild inflammation in the muscle." *Id.*

---

[3] The associated record for the November 9, 2017 medical appointment does not explicitly mention shoulder complaints. Instead, as described above, Petitioner was recorded as reporting left arm pain. Pet. Ex. 2 at 92. In the experience of SPU cases, however, medical providers frequently record petitioners' complaints in this manner—especially during initial postvaccination medical encounters. Such entries are not preclusive of actual complaints of shoulder pain. In this case, I note that there is evidence that Petitioner reported shoulder pain during the November 9, 2017 medical appointment. For instance, Petitioner was recorded as experiencing "tenderness in his left deltoid muscle." *Id.* And notably, on physical examination the physician made specific observations regarding Petitioner's left shoulder and completed a Kennedy-Hawkins test, which is used to evaluate shoulder pathologies. *Id.* at 96.

3

- On November 29, 2017, Mr. Garcia presented to Crescent Heights Medical Clinic with complaints of left arm pain with "tingles shooting down to ringer finger" since a "Flu shot Sept 23/17 [sic]." Pet. Ex. 4 at 5. Petitioner was assessed with "??nerve [sic] irritation post flu imm[unization]." *Id.*

- On December 20, 2017, Petitioner returned to Crescent Heights Medical Clinic with complaints of left arm pain "after [a] flu shot [on] [S]ept 14, 2017." *Id.* Petitioner noted that the pain had started the day of the flu shot. *Id.* On examination, Petitioner was observed to have no swelling, redness, deformity, warmth, focal growth, or skin or muscle abnormalities. *Id.* Petitioner was diagnosed with "r/o [rule/out] pain caused [b]y cervical spine OA [osteoarthritis]." *Id.*

- On January 9, 2018, Petitioner presented to Crescent Heights Medical Clinic with complaints of "[left] arm pain since [a] flu injection in USA. 15th [sic] September." Pet. Ex. 5 at 2. The associated medical record contains the following notation: "pain is left shoulder." *Id.* Petitioner reported radiating and shooting pain down the left arm. *Id.*

- On April 3, 2018, Petitioner presented to Crestwood Chiropractic Clinic reporting "left upper arm, deep pain." Pet. Ex. 7 at 2. He indicated that he had experienced "left deep pain, right of the injection site in his left upper lateral arm, after a flu shot" on September 14, 2017. *Id.* Petitioner noted that "at the instant of the injection it was quite painful." *Id.*

- On July 26, 2018, Petitioner returned to Crescent Heights Medical Clinic with complaints of right ear pain and for a follow up regarding left upper arm pain "[since] vaccine August [sic] 2017." Pet. Ex. 6 at 2.

- On March 21, 2018, Petitioner filed an affidavit stating that he received a flu vaccination in his left upper arm on September 14, 2017 and had begun to experience pain in his left shoulder and arm "[t]hat same day." Pet. Ex. 1 at ¶ 4. In a supplemental affidavit filed on August 28, 2019, Petitioner averred that he experienced immediate pain following his vaccination that persisted. Pet. Ex. 14 at ¶ 5.

- On July 18, 2019, Petitioner filed an affidavit from Tom S.H. Dennis, his former roommate. Pet. Ex. 11. Mr. Dennis recalled that Mr. Garcia told him that he believed the vaccinator had "hit a nerve because he had sudden, sharp pain unlike anything he had experienced before." *Id.* at ¶ 4. Mr. Dennis stated that Petitioner continued to report pain during the 11 months they lived together. *Id.* at ¶ 6.

- On August 20, 2019, Petitioner filed an affidavit from Janet Garcia, his sister. Pet. Ex. 12. Ms. Garcia recalled that she was present at the pharmacy with Petitioner when he received the September 14, 2017

vaccination. *Id.* at ¶ 4. Ms. Garcia noted that, "within a few hours," Petitioner began reporting arm pain that persisted. *Id.* at ¶¶ 6-8.

- On August 20, 2019, Petitioner also filed an affidavit from Alberto Sotto, his brother-in-law. Pet. Ex. 13. Mr. Sotto stated that he drove Petitioner and Janet Garcia to the pharmacy on September 14, 2017. *Id.* at ¶ 4. Mr. Sotto averred that, upon returning to the car, Petitioner stated that his vaccination had "hurt more than any shot he had ever received." *Id.* at ¶ 5. Mr. Sotto noted that Petitioner complained of shoulder pain the following day. *Id.* at ¶ 6.

I find the sworn testimony of Petitioner's witnesses to be credible and in agreement with the contemporaneously created treatment records.

Respondent asserted in his Rule 4(c) Report that Petitioner did not report shoulder pain or range of motion problems until January 2018, following a motor vehicle accident. Res. Report at 6. As noted by Respondent, Petitioner's medical records indicate he was involved in a motor vehicle accident on January 10, 2018. Pet. Ex. 5 at 2. However, as described above, at a medical appointment on January 9, 2018—one day <u>prior</u> to the motor vehicle accident—Petitioner reported that he had experienced "[left] arm pain since [a] flu injection in USA. 15th [sic] September." *Id.* Significantly, the associated record contains the following notation: "pain is left shoulder." *Id.* This record clearly documents left shoulder pain prior to Petitioner's January 10, 2018 motor vehicle accident.

Based on all of the records discussed above, I find preponderant evidence that the onset of Petitioner's left shoulder pain occurred within 48 hours of the September 14, 2017 flu vaccination.

## V.     Scheduling Order

Respondent shall file a status report, by no later than **Monday, December 16, 2019**, indicating whether he is interested in exploring an informal resolution of Petitioner's claim.

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

5